ARMSTRONG, *Administrator*, v. ROBARDS, *Plaintiff in Error*.

Deed of Trust, Release of: WHEN SET ASIDE IN EQUITY. Equity will set aside a release of a deed of trust as against the heir of the grantor, where it appears such release was made by the trustee without the knowledge or consent of the *cestui que trust*, and without the debt secured by the deed of trust having been paid.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*James Carr* for plaintiff in error.

When A. S. Robards, the defendant in the judgments, died, the lien therefor could not be enforced by execution; they could only be enforced in the manner provided for in the administration law. Wag. Stat., p. 101, § 1; *Prewitt v. Jewell*, 9 Mo. 733; *In re Bank*, 5 Bissell; *Ewing v. Taylor*, 70 Mo. 398. If John C. Hatch had a right to redeem, then John S. Robards, as his assignee, had a right to redeem. Jones on Railroad Securities, § 442; Hilliard on Mortg., 396, 397; 4 Kent side p. 185; Story's Eq., § 1023; *Brainard v. Cooper*, 10 N. Y. 356; *Hitt v. Holliday*, 2 Littel 332; *Stainback v. Geddy*, 1 Dev. & Bat. Eq. 479; *Gray v. Shaw*, 14 Mo. 346; *Merry v. Fremon*, 44 Mo. 518; *Alnutt v. Leper*, 48 Mo. 319; Wag. Stat., p. 790, §§ 2, 3; Jones Mortg., § 1069; *Martin v. Michael*, 23 Mo. 50. A lien is not necessary to entitle a judgment creditor to redeem. *Merry v. Fremon*, 44 Mo. 518; *Alnutt v. Leper*, 48 Mo. 319; *Trent v. Trent*, 24 Mo. 307. The effect of not making a judgment creditor a party to a suit to foreclose a mortgage, is to leave the right to redeem on his part open. *Valentine v. Havener*, 20 Mo. 133; Wag. Stat., p. 955, § 11; Jones on Railroad Securities, § 442; *Olmstead v. Tarsney*, 69 Mo. 396. There is no consideration for the second note and deed of trust, except the release of the first note and deed of trust. When Grove accepted the second note and deed of trust he thereby released the first, and should have surrendered the first note to Archibald S. Robards, the maker, according to the contract between them. When James Thompson, as trustee in the first deed of trust, released it, he thereby divested himself of the legal title, and after that he had no more title to sell under the first deed of trust than any other person who had no title. In other words,

as Thompson himself had no title at the time of the pretended sale, he could impart none to Grove. *Gott v. Powell*, 41 Mo. 416; *Rutherford v. Williams*, 42 Mo. 18; *Brown v. Railroad Co.*, 43 Mo. 294. Laches cannot be objected to as a bar to the plaintiff in error; he is a judgment creditor with all the advantages thereof over a creditor at large. *Spurlock v. Sproule*, 72 Mo. 503; *Kelly v. Hurt*, 61 Mo. 463; *Ewing v. Taylor*, 70 Mo. 398; *Martin v. Michael*, 23 Mo. 50. The plaintiff in error is also an heir. He has a right as such to redeem. *Mann v. Best*, 62 Mo. 491.

*George P. Strong* for defendant in error.

Under the provisions of the constitution of Missouri, article 6, section 12, the judgment of the court of appeals was final, and this court has no jurisdiction of the cause; the petition is filed to set aside a release of a deed of trust given to secure a debt of $1,120. It does not involve title to land, and does not involve $2,500. The party receiving satisfaction of the debt, secured by a deed of trust, is the only party (except the creditor) authorized by the statute to enter satisfaction or release the deed of trust. The trustee has no power to release it, unless the satisfaction has been received by him, and any release made by him is a nullity. R. S. 1855, p. 1091, § 21; R. S. 1879, p. 565, § 3311; *Grove v. Heirs of Robards*, 36 Mo. 523; *Grove's Admr. v. Robards*, 9 Mo. App. 179; *Ewing v. Shelton*, 34 Mo. 518. A court of equity will not enforce a verbal release or discharge of a mortgage or deed of trust, unless such verbal release or discharge is proved by the clearest and most satisfactory evidence. No such evidence was furnished in this case. *Stevenson v. Adams*, 50 Mo. 475, 476; *Lippold v. Held*, 58 Mo. 213. A court of equity will not interpose to restore rights lost by laches, nor grant equitable relief where the party has an adequate remedy at law, or where such a remedy has been lost by negligence or delay. The judgments under which John L. Robards claims, were a lien upon this property before the second deed of trust

was made, and some of them were a lien when the first deed of trust was given, and a sale under them would have conveyed a good title.    These judgment creditors neglected to sell and thereby lost their lien.    *Stevenson v. Saline Co.,* 65 Mo. 430, and cases therein cited by the court; *Strong v. Hopkins,* 1 Mo. 530, top p. 376 ; *January v. Spedden,* 38 Mo. 402 ; *Blanchard v. Williamson,* 70 Ill. 647; *Le Moyne v. Quinby,* 70 Ill. 399 ; *McQuiddy v. Ware,* 20 Wall. (U. S. S. C.) 14.    John L. Robards has no such interest in these lands as entitles him to come into a court of equity and ask that he may redeem them, or that any cloud upon the title may be removed.    He has no title to them, nor has he any lien upon them.    All that he claims is, that he is a creditor by virtue of his securing an assignment of certain worthless judgments, long after the lien was lost, and long after this suit was brought.    See cases cited; 20 Ill. 403, and 20 Wall. (Sup. Ct.) 19 ; *Hiney v. Thomas,* 36 Mo. 378, 379.

EWING, C.—Archibald S. Robards and his wife owed Jacob E. Grove $1,120, evidenced by note; to secure the same they made a deed to Jas. Thompson, as trustee, July 21st, 1860.    April 30th, 1861, the trustee, Thompson, released the deed to A. S. Robards.    To set aside this release Jacob E. Grove in September 1864, filed his bill in the Hannibal court of common pleas, alleging substantially that Archibald S., and John L. Robards fraudulently represented to Thompson, the trustee, that the debt had been paid off, and thereby induced him to execute a release and place it on record, which was done April 30th, 1861.    That the deed of trust so released, was on lot 7, in block 40, in Hannibal.    That Robards paid about $200 on the note and the balance was still due.    That Robards died.    That afterward, at the request of plaintiff, the trustee, Thompson, advertised under the deed, and at the sale the plaintiff, Grove, became the purchaser for $900 and received a deed from the trustee.    This suit was against A. S. Robards, ad-

ministrator, his widow, and his heirs at law. That the widow had commenced proceedings to have dower assigned and plaintiff prays that she be restrained from proceeding further in the matter, and that the fraudulent release be set aside and cancelled.

This bill was dismissed, the case appealed to this court, (*Grove v. Heirs of Robards*, 36 Mo. 523) the judgment below reversed and the venue was then changed to the circuit court of St. Louis. Meanwhile the plaintiff, the widow of Robards, the original administrator of the plaintiff and the trustee had all died; the suit abated as to the widow and trustee, and when the case came on for hearing in November, 1877, there was default as to all the other defendants except John L. Robards, one of the sons of Archibald Robards, deceased, whose answer alleged that when the deed of release was made, the note for $1,120 had been paid off by a new note made by Robards to Grove for $1,250, in lieu of the old one, dated March, 1861, which was secured by a deed of trust on other property with H. H. Wardlow as trustee, which was accepted by Grove in payment of the first, and that the first deed of trust was satisfied and released by Thompson, the trustee, at Grove's request. That thereupon Grove refused to relinquish the old note; that Grove fraudulently induced Thompson, the trustee, to sell under the first deed when he knew the debt was paid off. That he fraudulently persuaded Wardlow, the trustee in the second deed, to sell and became the purchaser thereunder October 12th, 1863, for $425. That Grove, during his lifetime, and his executor after his death, had collected rents from the premises in the second deed of trust, and which were more than sufficient to pay the balance of said note. That A. S. Robards died insolvent, and died leaving various judgments against his estate amounting to nearly $7,000. That these were proved up against his estate in the probate court, and in 1867 assigned to defendant for value; that the sale to Grove was fraudulent; that the deed of release of Thompson was a cloud on the title which

enabled Grove to buy at a sacrifice; that he, defendant, is a judgment creditor, and as such is entitled to redeem and offered to pay off said debt to Grove in his lifetime and take the property; and has offered the same to his executor since Grove's death. He then prays that the first deed of trust be declared satisfied and the first note surrendered; that an account be taken of rents received by Grove and his executor, and that defendant be permitted to redeem. The new matter in the answer was denied in the replication. The bill on the hearing was taken as confessed as to all the defendants but John L. Robards. The suit having abated as to the trustee, Thompson, and the widow, the circuit court found that the release by Thompson was made without Grove's knowledge or consent; that no part of the debt was ever paid to Thompson, nor was the debt paid at all, at the date of the foreclosure; and that the defendant John L. Robards had no right to redeem. The deed of release made by Thompson was annulled and judgment for costs for plaintiff. The case was then taken to the St. Louis court of appeals where the judgment of the circuit court was affirmed, and the case comes here for review.

After a careful examination of the facts and the law, and the opinion of the court of appeals, we fully concur in the conclusions arrived at in that opinion, and deem it wholly unnecessary to pursue the case further. We therefore affirm the judgment of the court of appeals. All concur.